UNION BOILER TUBE CLEANER COMPANY, FOR THE USE OF
THE UNION NATIONAL BANK OF PITTSBURG,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1.  CONTRACTS—*payment by installments.* Claimant contracted
with the Board of Managers of the Illinois State Reformatory for
the installation of a tube cleaning device, and in pursuance thereof
installed the same. Payments were to be made in installments.
No complaint was made that the device was not satisfactory. After
several payments had been made, further payment was refused.
*Held,* that claimant is entitled to an award for the unpaid balance
of the contract price.

2.  INTEREST—*State not liable for.* Since the contract did not
specifically provide for interest on deferred payments, none will be
allowed.

A. C. Norton, for Claimant.
W. H. Stead, Attorney General, for State.

On September 28, 1897, claimant in this cause en-
tered into a written contract with the Illinois State
Reformatory, at Pontiac, Illinois, by its Board of Man-
agers, for the installation and use in said reformatory
of a certain tube cleaning device, of which said claim-
ant was patentee.

This contract was in the form of a lease with power
to purchase. Under this contract, the said reforma-
tory was to pay the sum of $200 at the date of execu-
tion of the contract, and $200 annually until the sum
of $1,500 was paid, when the said device was to become
the absolute property of the reformatory.

On October 1, 1897, the said device was installed in
the reformatory, and the same was used from that date
until some time in the year 1901, when its use was
abandoned.

During the period of its use, the following sums
were paid claimant by the reformatory, under the
terms of the contract, to-wit: November 9, 1897, $400;

September 10, 1898, $200; September 11, 1899, $200; December 10, 1900, $200; October 10, 1901, $200; amounting in total to $1,200. Since the latter date no further payment has ever been made, and claimant brings this cause to recover the amount of $300 and interest, which it claims is still due and owing under the said contract.

To the declaration in this cause, the Attorney General has filed the plea of general issue, which is followed by a statement, that his department "is unable to find any evidence, other than that disclosed by the cross examination of claimant's witnesses, upon the question of the liability of the State upon the contract, and cannot render the Court any assistance in reaching a conclusion in this cause.

The evidence taken in this cause substantially supports the allegations in the declaration. No question is raised as to the legality of the contract and there is no dispute as to the amounts paid under the same. The assistant engineer who operated the device from its installation until some time in the year 1900, testifies, that during that period it worked successfully and, that he never had any difficulty in operating it. The superintendent testifies, however, that the chief engineer once informed him, that the device was not practical, but, this being hearsay evidence is not competent in this regard and the chief engineer himself was not placed upon the stand.

Payments were made annually according to the terms of the contract from 1897 to 1901, and there is no evidence of any complaint being made by the reformatory authorities to the claimant, at any time, that the device was not operating successfully. The payment for the year 1900 was not forwarded when due, but was paid after notice by the claimant to the reformatory and the letter accompanying the payment simply states, that the matter of payment was overlooked, thanks claimant for the notice, but makes no complaint of the device.

The first default in payment occurred in 1902, and the only reason given for such default is in a communication to claimant from the superintendent of the reformatory, in which he states that the contract was made prior to his administration and, that he will refer the matter to the board.  There is no evidence of any action being taken by the board upon the matter, except in a communication from the chief clerk of the reformatory to the claimant stating, that it was his opinion, that the board would be willing to pay "perhaps $250 cash in settlement of the contract." But in none of this correspondence is it pretended, that there was any failure of warranty or that the balance of $300 was not a just obligation.

In view of these facts, it is the opinion of this Court, that there should be an award to the claimant in this cause of $300 and the same is hereby awarded.  No interest is awarded for the reason, that the contract does not provide for interest on deferred payments, and for the further reason, that it has not been the practice of this Court to award interest on claims against the State of Illinois, in cases where interest is not specifically provided for by contract.